```
                    FILED ____  LODGED
                    RECEIVED ____ COPY

                      OCT 24 2013

                CLERK U S DISTRICT COURT
                  DISTRICT OF ARIZONA
            BY_____ DEPUTY
```

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
TUCSON DIVISION

GARRY DAVID GALLARDO, )
 ) Civil Action No.:_____
     Plaintiff, )
 AS A MEMBER OF A CLASS )
 )
vs. ) **CIV 13-1504 TUC RCC**
 )
UNITED STATES OF AMERICA, )
LOUIS W. WINN, JR., Warden, )
    U.S. Penitentiary, )
THERESA TALPLACIDO, )
    Legal Counsel, )
    U.S. Penitentiary, )
L.R. MOLINAR, ) PLAINTIFF'S ORIGINAL COMPLAINT
    Supervisory Correctional )
    Systems Specialist, )
    U.S. Penitentiary, and )
OTHERS KNOWN AND UNKNOWN )
OFFICERS, )
    U.S. Penitentiary, )
    Tucson, Arizona, )
 )
     Defendants. )
_____)

### A. Parties

1.  Plaintiff, GARRY DAVID GALLARDO, is an individual incarcerated at the United States Penitentiary, P.O. Box 24550, Tucson, Arizona 85734, and is the lead member of a class, as described under Rule 23, Fed.R.Civ.P.

2.  Defendant, LOUIS W. WYNN, JR., is an individual and the Complex Warden of the United States Penitentiary, and may be served process at United States Correctional Complex, 9300 S. Wilmot Road, Tucson, Arizona 85756.

3.  Defendant, THERESA TALPLACIDO, is an individual, employed as the Legal Advisor of the Correctional Complex, and may be served process at United States Correctional Complex, 9300 S. Wilmot Road, Tucson, Arizona 85756.

4.  Defendant, L.R. MOLINAR, is an individual, employed as the Supervisory Correctional Systems Specialist of the Correctional Complex, and may be served

process at United States Correctional Complex, 9300 S. Wilmot Road, Tucson, Arizona 85756.

5. Defendant, UNITED STATES OF AMERICA, is a corporation, under the U.S. Constitution, and may be served in care of this Court and directed to the United States Attorney, Tucson, Arizona; and by sending a copy of the summons and of the complaint, by Certified Mail, to the Attorney General of the United States, Department of Justice, Washington, DC 20530.

### B. Jurisdiction

6. The Court has jurisdiction over the lawsuit under 28 U.S.C. §§ 1331; and 1346(a)(2), where the suit is between plaintiff and agencies and agents of the Federal Government and involves a federal question involving numerous class plaintiffs, suffering the same injury by the defendants' actions in tort.

7. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over plaintiff's claim against defendants, for denying plaintiff possession of his own legal work product, returned by the Clerk of the Supreme Court, and denial of the possession of received SPECIAL MAIL, as to the other members of the class, thus impeding the members of the class their effective access the courts for the redress of grievances therein, where the SPECIAL MAIL has been sent to the various members of the class and been denied possession thereof by the members of the class by the defendants.

### C. Venue

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) & (2), because the defendants are employed within the district, and a substantial part of the events or omissions giving rise to this complaint occurred in this district.

### D. Conditions Precedent

9.  Under the Administrative Procedures Act (APA), the Bureau of Prisons (BOP) provides a method for challenging conduct or omissions complained of by an inmate. Due to time constraints, as will be presented in the accompanying Request for Preliminary Injunction and Restraining Order, where plaintiff's own work product, in the form of a Petition For A Writ Of Certiorari, must be in the Office of the Clerk of the Supreme Court of the United States by and before November 25, 2013, or lose the opportunity to have his case reviewed by the Court, is a liberty-interest right created by that review, and surpasses the requirement of having to exhaust the APA remedy process, that would take as long as 4 months to complete, at which time plaintiff's statutory and Rule right to submit his Petition to the Supreme Court would have expired, leaving plaintiff no other recourse for redress.

### E. Facts

10.  Numerous inmates who have received, from courts; attorneys; and/or Government attorneys, or other approved SPECIAL MAIL sources, have been called to the "mail room" to receive such incoming mail, where the provision for such receipt states:

> "The Warden shall open incoming apecial mail only in the presence of the inmate for inspection for physical contraband and the qualification of any enclosures as special mail. The correspondence may not be read or copied if the sender is adequately identified on the envelope, and the front of the envelope is marked "Special Mail—Open only in the presence of the inmate"."

28 C.F.R. § 540.18 Special mail, Program Statement No. 5265.14, § 540.18.

11.  One inmate, in particular, named LAVONT FLANDERS, received a SPECIAL MAIL envelope and was called to the mail room for receipt thereof. The officer, at that time, opened the envelope in the presence of Flanders, read it, and made an independent determination that Flanders could not have the correspondece, and sent Flanders away.

-3-

12. When the same conduct occurred again, in the early portion of the Month of September, 2013, and the mail room officer opened the package, read it and went to confer with, presumably, defendant Molinar, the officer came back to inform Flanders that he could not be released said correspondence, and Flanders, who is proceeding partially pro se in his direct appeal, apparently became indignant with the officer and stormed away.

13. At approximately 1:00 p.m., Flanders was approached by correctional officers while in the inmate library and taken to the Lieutenant's office, and was subsequently placed in the Special Housing Unit (SHU), because of his presumed insolence toward staff who withheld his legal correspondence from him.

14. Flanders has been in the SHU over a month.

15. On July 26, 2013, the Clerk of the Supreme Court returned plaintiff's submitted pleadings, his own work product, and was not made aware of that return until August 29, 2013, when Counselor Pino called plaintiff to the Staff Conference Room, for the purpose of reviewing and making any notes from the returned work product belonging to plaintiff.

16. When plaintiff asked to retain said own work product, in order to be able make any corrections thereto for resubmission to the Supreme Court, Pino informed plaintiff that he was not permitted to have possession of his own work product, thus being unable to resubmit same to the Supreme Court, but was allowed to retain the cover-letter accompanying said returned documents and pleadings. See EXHIBIT A, attached hereto.

17. As a result of the cover letter, erroneously informing plaintiff that his Petition was out-of-time, plaintiff drafted a letter/affidavit and sent same to the Clerk of the Supreme Court, basically asserting that the Petition, as was evidenced on the PROOF OF SERVICE, was initially delivered to the mail room for mailing to the Supreme Court, but was withheld from such timely mailing, on April

-4-

26, 2013, in plenty of time to make the submission timely under Sup.Ct.R. 29.2.

18.  Since then, plaintiff has found out that at least 10 or more inmates are being subjected to the retention of their incoming legal SPECIAL MAIL for various excuses not consistent with any statutory provision or agency rule.

19.  On August 31, 2013, plaintiff generated an internal e-mail to defendant Talplacido, asking for the return of his legal pleadings, so he could resubmit the same to the Supreme Court, but was, instead, issued a generated e-mail referring to matters that have no relevance to having his own work product for resubmission to the Supreme Court. See copy referenced, attached as EXHIBIT B.

20.  As a result of plaintiff's letter/affidavit to the Clerk of the Supreme Court, the Clerk returned a standard form letter, in effect giving plaintiff 60 days to resubmit his pleadings that are being withheld from him by the defendants, thus, per se, denying him of his effective accesss to the Court for redress by a areview of his case therein, in violation of the First Amendment and, such conduct by the defendants, could be construed as a violation of 18 U.S.C. §§ 241 & 242, and requires investigation by the criminal investigative arm of the Federal Government—the Federal Bureau of Investigations. Copy set out as EXHIBIT C.

21.  Under the provisions of Fed.R.Civ.P. 8(a)(2), the foregoing states a claim that surpasses any motion to dismiss by the defendants. See, e.g., Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Erickson v. Pardus, 551 U.S. 89, 93 (2007); and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

F.  Memorandum In Support For Class Certification

22.  A motion for class certification, which is incorporated by reference in these pleadings, must assert that the four requirements of Federal Rule of Civil Procedure 23(a) are met and that the class meets at least one of the three categories of Fed.R.Civ.P. 23(b). Wal-Mart Stores, Inc. v. Dukes, 564 U.S. ___, 131 S.Ct. 2541, 2548 (2011).

23.   One or more members of a class may sue as representative parties on behalf of the class if all the following requirements are met: (1) the class is so numerous that joinder all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a); Ortiz v. Fibreboard Corp., 527 U.S. 815, 828 n. 6 (1999).

24.   The Court should grant plaintiff's motion for class certification for the following reasons:

    a.    The class is so numerous that joinder of all members is impracticable. Fed.R.Civ.P. 23(a)(1); Pederson v. La. State Univ., 213 F.3d 858, 868-69 & n. 11 (5th Cir. 2000); 3 Rubenstein et al., Newberg on Class Actions § 7:22. Joining all class members would be extremely difficult or inconvenient, as there are more than ten (10) individual inmates who have suffered the same withholding of their legal correspondences by defendants, and may not know, with the exception of less then two of them, of the available redress avenues, either in the courts or administratively.

    b.    There are questions of law or fact common to the class. Fed.R.Civ.P. 23(a)(2). The class members have all suffered the same injury, specifically being denied possession of legal correspondence, sent from approved sources, needed, in most cases, for the pursuance of redress research and responses to those correspondences, thus impeding reasonable access to the courts. See Wal-Mart Stores, 131 S.Ct., at 2550-51; and Meyer v. Portfolio Rec. Assoc., LLC, 707 F.3d 1036, 1041-42 (9th Cir. 2012)(citations omitted).

    c.    The claims of plaintiff Gallardo are typical of the claims of all the

class members. Fed.R.Civ.P. 23(a)(3); <u>Hanlon v. Chrysler Corp.</u>, 150 F.3d 1011, 1020 (9th Cir. 1998). Plaintiff Gallardo has the same interests and has generally suffered the same type of injury as the rest of the class. <u>Gen. Tel. Co. v. Falcon</u>, 457 U.S. 147, 156 (1982); <u>Armstrong v. Davis</u>, 275 F.3d 849, 868-69 (9th Cir. 2001). There is a sufficient relationship between the injury to the plaintiff and the conduct affecting the class, namely the fact that the defendants withholding plaintiff's own documentary legal work product, where such documents are to be resubmitted to the Supreme Court, before November 25, 2013, for the review of his claim of having been convicted of a federal criminal offense unconstitutionally, or lose his opportunity to have the issue reviewed forever, and have to spend the rest of his life in what would amount false imprisonment, absent the review by the Supreme Court and the relief granted therefore.

d.  Plaintiff Gallardo will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a)(4); <u>Ward v. Dixie Nat'l Life Ins. Co.</u>, 595 F.3d 164, 179-80 (4th Cir. 2010). Specifically, Gallardo (1) is a member of the class; (2) has the same interests as, and no conflict with, the class members; (3) suffered the same deprivation injury as the class memebers; and (4) should have compentent class counsel appointed by the Court. Fed.R.Civ.P. 23(g)(1). There is a strong possibility that as a result of the filing of this suit, the defendants may retaliate against him and make him disappear, by placing Gallardo in the SHU for the excuse of conducting an investigation, and have him redesignated and transferred to another institution, and would demonstrate the vindictive retaliation that could face Gallardo,

thus preventing Gallardo from contacting the other class members to inform them of the suit.

25. The Court should certify the class because prosecuting seperate actions by individual members would create a risk of inconsistent or varying adjudications for individual class members that establish incompatible standards of conduct for defendants. Fed.R.Civ.P. 23(b)(1)(A); Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 614 (1997). For example. Some class members may still be in active litigation in the courts, somewhere in the Nation, and are unable to effectively and reasonably, in a timely manner, prepare responses to those correspondences received but withheld from them by the defendants, and are hamstrung by the conduct of the defendants, and there is a presumption that, after a time, the defendants may destroy those correspondences for failure of the inmates to seek redress in obtaining them, either administratively or in the courts.

26. The Court should certify the class because defendants have acted on grounds generally applicable to all proposed class members, so that final injunctive and declaratory relief is appropriate for the entire class. Fed.R.Civ. P. 23(b)(2); Wal-Mart Stores, 131 S.Ct., at 2557; Rodriguez v. Hayes, 591 F.3d 1105, 1125-26 (9th Cir. 2010). Defendants have adopted a pattern of activity that is the same for all class members, and a single injunction would provide relief to each class member. And, as to plaintiff Gallardo, a separate Application For Injunctive Relief accompanies this Complaint, and should be adjudicated POSTHASTE, as it addresses the need for the immediate release of the withheld legal documents Gallardo is required to have in his possession in order to timely resubmit them to the Supreme Court, which, under the totality of the circumstances, creates a liberty-interest in having the Supreme Court address the issues that are not only novel but of a first impression that would affect the entire federal prison population convicted in a district court of the Unites States.

27.   The Court should certify the class because the common questions of law or fact predominate over any questions affecting only individual members, and the class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed.R.Civ.P. 23(b)(3); In re Warfarin Sodium Antitrust Litig., 391 F.3d 516, 527 (3d Cir. 2004); see Amchem Prods., 521 U.S., at 615. Specifically, the class members are not interested in individually controlling the prosecution of seperate actions. Fed.R.Civ.P. 23(b)(3)(A); In re Warfarin Sodium Litig., 391 F.3d, at 533-34 & n. 16; see Amchem Prods., 521 U.S., at 615-16. St this institution, the majority of the inmates are easily intimidated and cowed by the staff to not attempt to seek redress for many of the actions taken by the staff against them, and they must depend on a jail-house lawyer for the seeking of redress, where this suit, being certified as a class, would benefit many an inmate that the defendants are currently depriving them of their legal correspondences.

### G. Damages

28.   As a direct and proximate result of defendants' conduct, plaintiffs suffered the following injuries and damages:

    a.   General damages;

    b.   Special damages, in the form of being deprived of legal materials sent to the plaintiffs from authorized SPECIAL MAIL sources, thus impeding a plaintiff from timely and effectively researching and preparing responses to pleadings some of the SPECIAL MAIL correspondences constitutes;

    c.   Property damage, where the possibility is realistice that documents and important papers received but withheld by the defendants may have resulted in being destroyed, and will be determined in

        discovery;

   d.   Costs, in the form of reimbursement of all court fees and costs, including, but not limited to, discovery costs and expert witnesses presence to testify;

   e.   Attorney fees, where there is the strong presumption that the appointment of class attorney will be ordered by the Court; and

   f.   Other relief, in the form of declaratory and injunctive relief.

### H. Jury Demand

29.   A trial is demanded by a jury, being inviolate under Rule 38, Fed.R.Civ.P., and the Seventh Amendment to the Constitution of the United States.

### I. Attorney Fees and Costs

30.   It appearing that legal counsel, experienced in class action suits, will be required, such attorney fees and costs is also requested, as part of the damages to be awarded in this suit.

### J. Prayer

31.   For the foregoing reasons, plaintiffs asks for judgment against the defendants for the following:

   a.   Actual damages of $10,000.00, for each of the individual members of the class, as inferred under 28 U.S.C. § 1346(a)(2);

   b.   Court costs and fees to be determined by the Court and the Clerk;

   c.   Reasonable attorney fees, to be determined under the provisions at law; and

   d.   All other relief the Court deems appropriate, including, but not limited to, declaratory and injunctive relief.

Dated:   October 22, 2013.

Respectfully submitted,

_____
GARRY DAVID GALLARDO, Plaintiff pro se
A Member of the Class
Fed.Reg.No. 41571-080
P.O. Box 24550
Tucson, AZ 85734

# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
## WASHINGTON, DC 20543-0001

July 26, 2013

Garry David Gallardo
#41571-080
United States Penitentiary
P.O. Box 24550
Tucson, AZ 85734

RE: Gallardo v. U.S.
(USAP5 No. 11-51199)

Dear Mr. Gallardo:

The above-entitled petition for a writ of certiorari was originally postmarked May 22, 2013 and received again on July 23, 2013. The papers are returned for the following reason(s):

The petition is out-of-time. The date of the lower court judgment or order denying a timely petition for rehearing was February 5, 2013. Therefore, the petition was due on or before May 6, 2013. Rules 13.1, 29.2 and 30.1. When the time to file a petition for a writ of certiorari in a civil case (habeas action included) has expired, the Court no longer has the power to review the petition.

Sincerely,
William K. Suter, Clerk
By:
Clayton R. Higgins, Jr.
(202) 479-3019

Enclosures

EXHIBIT A

TRULINCS 41571080 - GALLARDO, GARRY DAVID - Unit: TCP-B-B

----------------------------------------------------------------------------------

FROM: Complex Warden
TO: 41571080
SUBJECT: RE:***Inmate to Staff Message***
DATE: 09/03/2013 11:37:02 AM

Please be advised that the Legal Department provided guidance to the Unit Team to assist inmates with accessing their legal materials which contained sensitive and graphic information which is not authorized in the inmate's property or possession since it poses as a safety and security risk to the inmate and other and may not be otherwise appropriate for an inmate to have in their possession. The Legal Department's intent is to be more accommodating instead of rejecting legal materials in this nature.

The Legal Department verified that you have one open case, Gallardo v. US, Case 13-50633, Fifth Cir. Court of Appeals, wherein you are alleging false imprisonment for 87 days in 2004 under the Federal Tort Claims Act. On August 29, 2013, the Prosecutor provided a response stating that the FTCA claim should be dismissed since it is not within the scope of the criminal appeal. The Appellate Court was also advised of the following:

Gallardo's abusive litigious nature is well documented. Besides his appeals with this court, he has filed no less than 30 civil cases, 2 criminal cases, 7 Third Circuit Court of Appeals cases and 1 appeal in the Court of Appeals for the District of Columbia. Docket entry 13-6.

Regardless, the Legal Department verified one open case, which does not appear to show that you have an imminent court deadline or the materials you are requesting from your criminal conviction for possession of child pornography has any relation to your FTCA claim. You need to work with your Unit Team to inform them of legal materials or documents coming in which may be rejected due to the sensitive and graphic information (victim's names, child porn photos/videos, violent pictures, etc.). At all times, it is not the intent of staff to deprive you of access to the courts or your legal materials. We simply want to ensure that your safety and security is a priority given the nature of your crime and USP Tucson's SOMP mission.

>>> ~^!"GALLARDO, ~^!GARRY DAVID" <41571080@inmatemessage.com> 8/31/2013 3:32 PM >>>
To: Staff Attorney
Inmate Work Assignment: Unassigned

Ms. Talplacido:
A package from the United States Supreme Court was returned that I had originally sent to the Clerk of that Court. The papers enclosed therein are the original papers I sent to them. The fact that Mr. Pino advised me that you have directed him not to release them to me is not unreasonable but an infringement and denial of my constitutional right of access to that Court, since I need those papers, that have been returned once before without any interference in my possession of them, so that I could resubmit them, since they are the originals that are required to re-resubmit them to the Court. Your interference with my access to papers that I, myself, sent to the Supreme Court is a direct violation of my constitutional right of access to the Supreme Court and my freedom from what those papers demonstrate is unconstitutional and unlawful imprisonment, and is
actionable in a Bivens action after completion of available

EXHIBIT B

TRULINCS 41571080 - GALLARDO, GARRY DAVID - Unit: TCP-B-B
------------------------------------------------------------------------

administrative remedies I am also undertaking against your unreasonable and unlawful deprivation of those papers I myself forwarded to the Supreme Court in the first place. I ask that you direct Mr. Pino to release those papers to me post-haste. Thank you.

SUPREME COURT OF THE UNITED STATES
OFFICE OF THE CLERK
WASHINGTON, DC 20543-0001

September 26, 2013

Garry David Gallardo
#41571-080
United States Penitentiary
P.O. Box 24550
Tucson, AZ 85734

RE: Gallardo v. U.S.
(USAP5 No. 11-51199)

Dear Mr. Gallardo:

The above-entitled petition for writ of certiorari was originally postmarked April 26, 2013 and received again on September 17, 2013. The papers are returned for the following reason(s):

The petition fails to comply with the content requirements of Rule 14, in that the petition does not contain:

The questions presented for review. Rule 14.1(a).

A reference to the opinions below. Rule 14.1(d).

A concise statement of the grounds on which jurisdiction is invoked. Rule 14.1(e).

A concise statement of the case. Rule 14.1(g).

The reasons relied on for the allowance of the writ. Rules 10 and 14.1(h).

The appendix to the petition does not contain the following documents required by Rule 14.1(i):

The lower court opinion(s) must be appended from the U.S. Court of Appeals.

The opinion of the United States district court must be appended.

No affidavit or declaration of service, specifying the names and addresses of those served, was received. Rule 29.5.

Please correct and resubmit as soon as possible. Unless the petition is submitted to this Office in corrected form within 60 days of the date of this letter, the petition will not be filed. Rule 14.5.

A copy of the corrected petition must be served on opposing counsel.

EXHIBIT C

When making the required corrections to a petition, no change to the substance of the petition may be made.

                Sincerely,
                Scott S. Harris, Clerk
                By:
                Clayton R. Higgins, Jr.
                (202) 479-3019

Enclosures

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
TUCSON DIVISION

| | |
|---|---|
| GARRY DAVID GALLARDO,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>LOUIS W. WINN, JR., et al.,<br><br>　　　　Defendants. | )<br>)<br>)　Civil Action No.:_____<br>)<br>)<br>)<br>)　MOTION FOR LEAVE TO FILE CIVIL ACTION<br>)　BY A SANCTIONED LITIGANT<br>)<br>)<br>)<br>) |

TO THE HONORABLE JUDGE OF SAID COURT:

　　COMES NOW GARRY DAVID GALLARDO, pro se, in the above-styled and numbered cause of action, as a member of the class in this suit, to respectfully move this Court for leave to file this cause of action in this class action-styled civil suit.

　　Although the sanctioned arises from the district court in the Fifth Circuit, and not in this Circuit, in order to prevent time-consuming haggling between the U.S. Attorney, who will be representing the defendants, who will assuredly would have argued that as a sanctioned litigant in another circuit, being required to seek leave from the forum court to so proceed in even this Court, this motion is submitted to avoid the wasting of time, since the issues to be raised and argued in this suit are of the nature that needs prompt resolution to prevent further harm to plaintif and the other members of the class.

### Prayer

　　WHEREFORE PREMISES CONSIDERED, that the suit is presented in good faith, as affirmed in the accompanying affidavit by Gallardo, and the suit presents issues of law and fact that only this Court can resolve, leave to so file this cause of action is asked to be GRANTED.

Dated: _October 22_____, 2013.

                         Respectfully submitted,

                         _/s/ Garry David Gallardo_
                         GARRY DAVID GALLARDO, Plaintiff pro se
                         Member of the Class
                         Fed.Reg.No. 41571-080
                         United States Penitentiary
                         P.O. Box 24550
                         Tucson, AZ 85734